Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ARMANDO AGUILAR FERRO<br><br>Parte Peticionaria<br><br>v.<br><br>TPH HOLDINGS, LLC,<br>D/B/A THE PARTS HOUSE<br>Y OTROS<br><br>Parte Recurrida | TA2025CE00906 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala de<br>Bayamón<br><br>Caso Núm.<br>BY2024CV04299<br><br>Sobre:<br>Despido<br>Injustificado<br>(Ley Núm. 80)<br>y otros |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Comparece el señor Armando Aguilar Ferro (señor Aguilar Ferro o recurrente) mediante recurso instado el 16 de diciembre de 2025, por el Tribunal de Primera Instancia (TPI). Solicita que revoquemos la orden interlocutoria dictada y notificada el 8 de diciembre de 2025, mediante la cual el foro recurrido denegó la solicitud del recurrente para que el tribunal dictara sentencia en rebeldía, y posteriores órdenes notificadas los días 9, 10 y 11 de diciembre de 2025, relacionadas con el alcance del descubrimiento de prueba del caso.

Evaluada la totalidad del expediente, a la luz de la naturaleza sumaria de los procedimientos en virtud de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, *infra,* denegamos la expedición de recurso.

# I.

## A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[1]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[2] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la

---

[1] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[2] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[3], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[4]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[5] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[4] *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).
[5] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

**B.**

La Ley Núm.2 de 17 de octubre de 1961, también conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA secs. 3118-3132, establece un mecanismo especial cuyo propósito esencial es la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, primordialmente en aquellos casos de reclamaciones salariales, beneficios o derechos, como lo es el pago de la mesada en caso de un despido injustificado.[6] "Para lograr este propósito, y al considerar la disparidad económica entre el patrono y el obrero, así como el hecho de que la mayoría de la información sobre los reclamos salariales o por un despido está en posesión del empleador, el legislador acortó los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción".[7]

Atinente a nuestra función revisora, en *Dávila Rivera v. Antilles Shipping, Inc.*[8]*,* el Tribunal Supremo tuvo la oportunidad de examinar la facultad de los foros apelativos para revisar, vía *certiorari*, las resoluciones interlocutorias emitidas en pleitos incoados al amparo del procedimiento sumario establecido en la Ley Núm. 2, *supra.* Luego de evaluar el texto de la Ley Núm. 2 y su historial legislativo, el Tribunal Supremo concluyó que, de ordinario, la revisión de resoluciones interlocutorias era contraria al carácter sumario del procedimiento laboral y que, por lo tanto, la facultad de los tribunales apelativos al revisar dichas resoluciones es limitada.[9] Por consiguiente, como norma general, la parte que pretenda impugnar resoluciones interlocutorias en un procedimiento incoado al amparo de la Ley Núm. 2 deberá esperar hasta que se dicte

---

[6] *Santiago Ortiz v. Real Legacy Assurance Company, Inc.*, 206 DPR 194, 206 (2021); *Bacardi Corporation v. Torres Arroyo*, 202 DPR 1014, 1019 (2019*); Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018).
[7] *Peña Lacern v. Martínez Hernández, et al.*, 210 DPR 425, 434 (2022).
[8] 147 DPR 483 (1999).
[9] *Íd.*, págs. 496-497.

sentencia final para entonces instar contra ella el recurso pertinente.

Sin embargo, el Tribunal Supremo señaló que la norma impuesta no es absoluta. De tal forma, a modo de excepción, los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2 en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción, (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia.[10] En tales instancias, el carácter sumario de los procedimientos tramitados a tenor con la Ley Núm. 2, *supra*, ceden y los foros apelativos pueden revisar la resolución interlocutoria.[11]

## II.

Los dictámenes recurridos son *órdenes interlocutorias* dentro de un procedimiento sumario al amparo de la Ley Núm. 2, *supra*, donde nuestra intervención en estos momentos debe ser limitada. El recurso de *certiorari* presentado no plantea un asunto que supere las limitaciones de nuestra intervención bajo la Regla 52.1 de las de Procedimiento Civil y tampoco presenta alguno de los criterios contemplados en la Regla 40 de nuestro Reglamento.

En otras palabras, en el presente caso no están presentes ninguna de las excepciones legales reconocidas que nos permitan ejercer nuestra función revisora ante un dictamen interlocutorio bajo el trámite sumario de la Ley Núm. 2, *supra*.

---

[10] *Íd.*, pág. 498*; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 722-723 (2016).
[11] *Díaz Santiago v. PUCPR et al.,* 207 DPR 339, 349 (2021).

### III.

Por los fundamentos antes mencionados denegamos la expedición del recurso de *certiorari*.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones